UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------X
EFRAIM DIAZ,

          Petitioner,

    -against-                               **ORDER**
                                                **CV-07-5379(SJF)**

HAROLD D. GRAHAM,

          Defendants.
------------------------------------------------------X
FEUERSTEIN, J.

    On July 28, 2003, a judgment of conviction was entered against petitioner Efraim Diaz ("petitioner") in the Supreme Court of the State of New York, County of Queens ("the trial court"), upon a jury verdict finding him guilty of murder in the second degree (N.Y. Penal Law § 125.25(1)), attempted murder in the second degree (N.Y. Penal Law §§ 110.00; 125.25(1)) and criminal possession of a weapon in the second degree (N.Y. Penal Law § 265.03(1)), and imposition of sentence. By order dated June 8, 2004, the trial court denied petitioner's subsequent motion pursuant to New York Criminal Procedure Law § 440.10 to vacate the judgment of conviction ("the 440.10 motion"). By order dated June 6, 2006, the Supreme Court of the State of New York, Appellate Division, Second Judicial Department ("the Appellate Division"), affirmed the judgment of conviction and June 8, 2004 order. People v. Diaz, 30 A.D.3d 436, 818 N.Y.S.2d 112 (2d Dept. 2006). On August 31, 2006, the New York State Court of Appeals denied petitioner's request for leave to appeal the June 6, 2006 order of the Appellate Division. People v. Diaz, 7 N.Y.3d 812, 822 N.Y.S.2d 487, 855 N.E.2d 803 (2006).

    On November 20, 2007, petitioner filed the instant petition pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. On May 27, 2008, petitioner filed an amended petition for a writ of

1

habeas corpus. By Report and Recommendation dated July 12, 2010 ("the Report"), United States Magistrate Judge Lois Bloom recommended, *inter alia*, that the petition be denied.

Subsequent to the Report, by order dated February 15, 2011, the Appellate Division denied petitioner's application for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, the June 6, 2006 order. People v. Diaz, 81 A.D.3d 848, 916 N.Y.S.2d 809 (2011).

Pending before the Court are petitioner's objections to the Report. For the reasons stated herein, the objections are overruled and the Report is accepted in its entirety.

I. Discussion

A. Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters, to which a timely objection has been made, is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See, Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). To accept the report and recommendation of a magistrate judge to which no timely objection has been made, the district judge need only be satisfied that there is no clear error on the face of the record. See Fed. R. Civ. P. 72(b); Johnson v. Goord, 487 F.Supp.2d 377, 379 (S.D.N.Y. 2007), aff'd, 305 Fed. Appx. 815 (2d Cir. Jan. 1, 2009); Baptichon v. Nevada State Bank, 304 F.Supp.2d 451, 453 (E.D.N.Y. 2004), aff'd, 125 Fed.Appx. 374 (2d

2

Cir. 2005). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).

B.  Petitioner's Objections

Petitioner contends that Magistrate Judge Bloom erred, *inter alia*: (1) in finding that he failed to establish that his trial counsel's failure to obtain the criminal complaint filed by the decedent against her ex-husband prior to trial had any effect on the outcome of the trial; (2) in finding that there was "no reason to conclude that [his] presence at the sidebar conferences would have had any 'reasonably substantial' relation to his opportunity to defend against the charges," (Report, p. 17); (3) in finding that the evidence was legally sufficient to convict him of the crimes charged beyond a reasonable doubt; and (4) in issuing the Report when his application to stay this proceeding pending the Appellate Division's determination of his petition for a writ of error coram nobis was *sub judice*.

Magistrate Judge Bloom did not err in issuing the Report while petitioner's application to stay this proceeding was pending, since petitioner was not entitled to a stay of the proceedings. In Rhines v. Weber, 544 U.S. 269, 274, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), the Supreme Court held that the "stay and abeyance" option should be available only in limited circumstances, i.e. "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." 544 U.S. at 277, 125 S.Ct. 1528. Even when the petitioner has demonstrated good cause for his or her failure to exhaust, the district court should not grant a stay when the unexhausted claims are plainly meritless. Id.

3

Petitioner provides no explanation for why he did not file his petition for a writ of error coram nobis until May 25, 2010, almost two (2) years after the Appellate Division affirmed his judgment of conviction. Thus, petitioner has not demonstrated good cause for his failure to exhaust his ineffective assistance of appellate counsel claim.[1] Moreover, petitioner's ineffective assistance of appellate counsel claim is time-barred pursuant to the one (1)-year statute of limitations imposed under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d)(1). Pursuant to the AEDPA, the limitations period runs

> "from the latest of– (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

The limitations period is tolled during the pendency of "a properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2).

Petitioner's judgment of conviction became final on November 29, 2006, when the ninety (90)-day period within which he could seek a writ of certiorari expired. Moreover, the factual predicate of petitioner's ineffective assistance of appellate counsel claim could clearly have been discovered as of the date counsel filed his appellate brief, since petitioner's claim is based upon his appellate counsel's failure to raise a claim that petitioner was denied his right to confrontation.

---

[1] Petitioner's ineffective assistance of appellate counsel claim remains unexhausted, insofar as he has not sought leave to appeal to the New York State Court of Appeals from the February 15, 2011 order of the Appellate Division pursuant to New York Criminal Procedure Law § 460.10(5), and there is no indication that he has sought an extension of time to do so.

4

The other two (2) provisions of Section 2244(d)(1) are inapplicable. Thus, pursuant to the AEDPA, petitioner was required to file his ineffective assistance of appellate counsel claim on or before November 29, 2007. As petitioner did not have any application for collateral review pending in the state court, and indeed had not yet filed his petition for a writ of error coram nobis until May 2010, the limitation period was never statutorily tolled before it expired.

Nor was the AEDPA limitation period equitably tolled. Equitable tolling is available only in "rare and exceptional circumstance[s]," Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000), where the petitioner is prevented from timely filing by circumstances beyond his or her control, and only upon a showing that he or she acted with reasonable diligence throughout the period he or she seeks to toll. See, Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001). Petitioner has made no such showing.

An amendment made after the statute of limitations has run relates back to the date of the original pleading if, *inter alia*, the amendment "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out– or attempted to be set out– in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). In federal habeas proceedings, "relation back depends on the existence of a common core of operative facts uniting the original and newly asserted claims," Mayle v. Felix, 545 U.S. 644, 659, 664, 125 S.Ct. 2562, 162 L.ed.2d 582 (2005) (quotations omitted), and is unavailable merely because the proposed claims relate to the same trial, conviction, or sentence as the original petition. See Id. at 662-664. Since petitioner's ineffective assistance of appellate counsel claim is not tied to a "common core of operative facts," but rather is a discrete claim based upon discrete facts, *i.e.*, the contents of the appellate brief filed by appellate counsel, which are irrelevant to the claims included in the original petition relating to acts or omissions during the

5

trial, any ineffective assistance of appellate counsel claim does not relate back to the original petition. Accordingly, petitioner's ineffective assistance of appellate counsel claim is time-barred under the AEDPA.

In any event, petitioner's ineffective assistance of appellate counsel claim is without merit, since the Appellate Division's determination that petitioner "failed to establish that he was denied the effective assistance of appellate counsel," People v. Diaz, 81 A.D.3d at 848, 916 N.Y.S.2d 809, was not "contrary to, or * * * an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d)(1), and was not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). Appellate counsel is not required to "press nonfrivolous points, *** if counsel, as a matter of professional judgment, decides not to present those points." Jones v. Barnes, 463 U.S. 745, 751, 103 S. Ct. 3308, 77 L. Ed. 2d 987 (1983). Moreover, petitioner filed a supplemental *pro se* brief on his appeal and, thus, could have raised the omitted claim himself.

Since petitioner's ineffective assistance of appellate counsel claim is time-barred and plainly meritless and petitioner has not demonstrated good cause for his failure to exhaust that claim, Magistrate Judge Bloom did not err in issuing the Report while petitioner's application to stay this proceeding was pending and petitioner's application to stay this proceeding and to amend his amended petition to assert a claim for ineffective assistance of appellate counsel is denied.

Upon *de novo* review of the Report and consideration of petitioner's remaining objections thereto, petitioner's objections are overruled and the Report is accepted in its entirety.

II.     Conclusion

Upon *de novo* review of the Report, petitioner's objections are overruled and the Report is accepted in its entirety. Petitioner's amended petition is denied for the reasons set forth in the Report, petitioner's application for a stay of this proceeding and for leave to amend his amended petition is denied and this proceeding is dismissed. Since petitioner has failed to make a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. §2253; see also Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); Luciadore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000); Kellogg v. Strack, 269 F.3d 100, 102 (2d Cir. 2001). Petitioner has a right to seek a certificate of appealability from the Court of Appeals for the Second Circuit. See, 28 U.S.C. § 2253. Pursuant to 28 U.S.C. § 1915(a), any appeal from a judgment denying this petition will not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

The Clerk of the Court is directed to enter judgment in favor of respondent, to close this case and to serve notice of entry of this Order in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure, including mailing a copy of the Order to the *pro se* petitioner at his last known address, see Fed. R. Civ. P. 5(b)(2)(C).

SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: March 31, 2011
Central Islip, New York